# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| AARON MICHAEL ROGERS, §<br>TDCJ No. 02268676, § <br> § <br> Petitioner, § <br> § <br>v. § <br> § <br>BOBBY LUMPKIN, Director, § <br>Texas Department of Criminal Justice, § <br>Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL NO. SA-21-CA-01037-JKP |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Aaron Michael Rogers's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 14) thereto. In his § 2254 petition, Petitioner challenges the constitutionality of his 2019 state court conviction for unlawful possession of a firearm by a felon by raising several unorthodox (and unsupported) claims for relief.[1] In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

---

[1] Specifically, Petitioner alleges: (1) he did not consent to be in prison or to any commercial contract and should be released immediately pursuant to the "common law jurisdiction" of the Uniform Commercial Code, (2) his counsel was ineffective for failing to tell him that his crime was a commercial crime and that he was entering into a commercial contract by entering a plea, (3) his Second Amendment right to keep and bear arms was violated, and (4) his conviction is a legal fiction and the Court, as a trustee in this matter, should compensate him three million dollars.

## I. <u>Procedural History</u>

In April 2017, Petitioner plead guilty to unlawful possession of a firearm by a felon and was placed on community supervision for a period of ten years. *State v. Rogers*, No. A16381 (216th Dist. Ct., Kerr Cnty., Tex. Apr. 5, 2017); (ECF No. 15-8 at 6-17). Less than two years later, the State filed a motion to proceed with an adjudication of guilt after Petitioner failed to comply with several conditions of his community supervision.[2] (ECF No. 15-8 at 23-26). On June 27, 2019, the trial court found Petitioner guilty of the underlying offense (enhanced as habitual), revoked his community supervision, and sentenced him to seventy-five years of imprisonment. (*Id*. at 60-61).

Although Petitioner retained the right to appeal the conviction, he did not file a notice of appeal until September 6, 2019. Because the request was filed over five weeks too late with no valid excuse, the court of appeals dismissed the appeal for want of jurisdiction. *Rogers v. State*, No. 04-19-00810-CR, 2020 WL 444419 (Tex. App.—San Antonio, Jan. 29, 2020, no pet.); (ECF No. 15-1). Petitioner did not appeal this dismissal despite being granted an extension of time to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals by April 28, 2020. (ECF Nos. 14-1, 15-7).

Instead, Petitioner waited until February 22, 2021, to file a state habeas corpus application challenging the constitutionality of his conviction and sentence. *Ex parte Rogers*, No. 92,516-01 (Tex. Crim. App.); (ECF No. 15-11 at 51, 54). The Texas Court of Criminal Appeals ultimately denied the application without written order on May 5, 2021. (ECF No. 15-10). Petitioner then placed the instant federal habeas petition in the prison mail system on October 4, 2021. (ECF No. 1 at 10).

---

[2] Specifically, Petitioner failed to comply with the following conditions: (1) commit no offense against state or federal law, (2) report to his probation officer, (3) pay court costs, probation fees and Crimestopper's fees, and (4) perform 400 hours of community service.

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final no later than April 28, 2020, when the time for filing a PDR with the Texas Court of Criminal Appeals actually expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); *Brown v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. 2011) (unpubished) (noting that a conviction becomes final for a petitioner who has been granted an extension to file a PDR, but who fails to file the PDR, on the date on which the petitioner could no longer seek direct review).

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on April 28, 2021. Because Petitioner did not file his § 2254 petition until October 4, 2021—over five months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.   Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that

3

violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner challenged the instant conviction by filing a *pro se* state habeas application on February 22, 2021, which was eventually denied by the Texas Court of Criminal Appeals on May 5, 2021.  Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 73 days, making his federal petition due Monday, July 12, 2021.[3]  Again, he did not file the instant § 2254 petition until October 2021—nearly three months too late.

**B.** **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

---

[3] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Petitioner fails to establish that equitable tolling should apply in this case.  Petitioner has not replied to Respondent's answer asserting the time bar, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case.  Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently.  Petitioner's direct appeal of his conviction was dismissed by the intermediate court of appeals in January 2020 and he was given until April 28, 2020, to file a PDR, yet Petitioner filed nothing until February 2021 when he executed his state habeas corpus application challenging his conviction and sentence.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application).  Petitioner also fails to explain why he waited another five months after the Texas Court of Criminal Appeals denied his state habeas application in May 2021 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing

6

deadline by nearly three months and provided no reasonable justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Aaron Michael Rogers's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. To the extent Petitioner seeks monetary damages as a result of his confinement, Petitioner's § 2254 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to allow Petitioner a chance to raise his allegations via a civil rights action under 42 U.S.C. § 1983. Petitioner is warned that in order to pursue a civil rights complaint under § 1983, he must submit to the Court the required filing fee of $402.00;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 12th day of July, 2022.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**